UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MARCUS STONER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL WILLS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

***   ***   ***   ***

Plaintiff Marcus Stoner was arrested on October 21, 2006.  Stoner because unruly, refused to comply with instructions during the arrest, and was "tased" by Shelby County Deputy Sheriff Daniel Willis.  After pleading guilty to consuming alcohol in a public place, Stoner filed suit against Deputy Willis, Sheriff Armstrong and the City of Shelbyville, Kentucky.  The claims asserted against the City of Shelbyville were dismissed prior to the matter being transferred to this Court from the United States District Court for the Western District of Kentucky.  On July 16, 2009, Defendant Armstrong was dismissed from the action. [Record No. 49]  Officer Willis – the remaining Defendant – has now moved the Court to issue summary judgment in his favor.

As outlined more fully in his supporting memorandum, Willis contends that the material facts are not in dispute and that he is entitled to judgment as a matter of law.  After reviewing the materials filed in support of the pending motion including the *In-Car Video* of the incident, the Court concludes that the Defendant's motion is well-taken and will be granted.  All remaining claims asserted by Plaintiff Stoner will be dismissed.  In short, the Court concludes

-1-

that the officers had probable cause to arrest, and acted appropriately in effecting the arrest of, the Plaintiff.  Further, Willis' use of a taser did not constitute unreasonable or excessive force under the circumstances presented.

## II.    Relevant Facts

On October 21, 2006, Plaintiff Marcus Stoner was arrested by Deputy Daniel Willis of the Shelby County Sheriff's Office on charges of consuming alcohol in a public place, alcohol intoxication in a public place, resisting arrest, disorderly conduct and criminal mischief.  Ten days later, Stoner pled guilty to the first charge (*i.e.*, consuming alcohol in public).  In exchange, the remaining charges were dismissed.  The *In-Car Video* maintained by the Shelby County police officers recorded the encounter with Stoner at the time of his arrest. [*See* Record No. 53, Exhibit A.]  The video demonstrates that the three police officers, including Willis, initially attempted to restrain Stoner without the use of force.  However, these attempts were unsuccessful.  As a result, Officer Willis used a taser to end the struggle.  Stoner was then subdued and eventually taken into custody.

## II.    Legal Analysis

### A.    The Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is

not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could

reasonably find for the nonmoving party. *Id.* Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

### B.   Probable Cause

An arrest is constitutional if it is based on probable cause. *Virginia v. Moore*, 128 S. Ct. 1598, 1607 (2008) (noting that "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment") (citing *United States v. Robinson*, 414 U.S. 218, 235 (1973)).   The proper inquiry for determining whether an arrest was supported by probable cause is to examine whether, at the time of the arrest, the totality of facts and circumstances within the arresting officer's knowledge . . . were sufficient to warrant a prudent person to conclude that an individual had either committed or was committing an offense. *United States v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. 2008) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  The court must examine the events leading up to the arrest and decide whether the facts, viewed from the standpoint of an objectively reasonable police officer, amounted to probable cause. *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

As a result of his guilty plea, Stoner is estopped from arguing that Officer Willis did not have probable cause to arrest him on October 21, 2006.  Further, Stoner admitted to Willis at the scene of his arrest that he was consuming alcohol in public.  As the Sixth Circuit held in *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988):

-4-

[guilty] pleas in state court . . . and the finding of guilt and imposition of fines by that court estop [the state court defendant] from asserting in federal court that the defendant police officers acted without probable cause.

854 F.2d at 142. Further, Officer Willis had probable cause to arrest Stoner without a warrant. K.R.S. § 431.005(1)(d) (allowing arrest without warrant where a misdemeanor as defined in K.R.S. § 431.060 is committed in the presence of a peace officer).

Because an essential element of a claims under 42 U.S.C. § 1983 for an alleged unreasonable seizure is that probable cause did not exist, Stoner's claim under the Fourth and Fourteenth Amendment fails. *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 357 (6th Cir. 1997); *Dier v. City of Prestonsburg*, 480 F.Supp.2d 929, 937 (E.D. Ky. 2007) ("[A]s a matter of law, [a plaintiff] is collaterally estopped from maintaining a claim that, in order to prevail, requires proof of insufficient probable cause to arrest and prosecute [the plaintiff] for the crimes for which he was convicted.")

### C.     The Excessive Force Claim

In effecting arrests, police officers may use reasonable force to preserve order. *Lawson v. Burnett*, 471 S.W.2d 726, 728-29 (Ky. 1971) (police officer is only liable for damages when he or she uses excessive force in making an arrest). Further, in determining whether excessive force has been used, courts apply an objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). Thus, when a plaintiff alleges that a police officer used excessive force in the course of an arrest, the Court should analyze the claim "under the Fourth Amendment and its 'reasonableness standard,' rather than under a 'substantive due process' approach." *Id.*, at 395; *Slusher*, 540 F.3d 454. For the purposes of summary judgment, the Court must determine

whether Officer Willis' use of a taser to subdue Stoner could be considered unreasonable to a jury. *Slusher*, 540 F.3d 454. After viewing the video of the arrest, the Court concludes that a reasonable jury would not conclude that Willis' actions were unreasonable or improper under the circumstances presented.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." *Slusher*, 540 F.3d at 455 (citing *Graham*, 490 U.S. at 396). As the *Slusher* Court explained:

> In making this determination, we used an "objective reasonableness" standard that does not include the underlying motivation of the officer. Relevant factors to consider in evaluating what level of force is reasonable include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. These factors are not an exhaustive list, and the ultimate inquiry is whether the seizure was reasonable under the "totality of the circumstances."

*Id.* (internal citations omitted).

Stoner posed an immediate threat to the safety of the officers or others by his conduct. In addition, a reasonable jury would conclude that Stoner's response to the officers directions constitute actively resisting and attempting to evade arrest. Stoner dragged the three police officers approximately ten yards before he was taken to the ground. Even then, he refused to comply with instructions. [*See* Record No. 53, Exhibits B, D, E and G.] And before further actions were taken by the officers, Stoner was given further warning that he would be tased if he did not follow instructions. Considering all the circumstances presented, it was reasonable

-6-

for Officer Willis to use a taser to subdue the intoxicated,[1] combative, 230 pound Stoner.  His claim to the contrary is without merit.

### III.    Conclusion

Officer Willis had probable cause to arrest Marcus Stoner on October 21, 2006.  Further, Stoner is estopped from arguing a lack of probable cause by virtue of his guilty plea to intoxication in a public place.  Therefore, Stoner's claim of unreasonable seizure in violation of the Fourth and Fourteenth Amendments fails.  His claim that excessive force was used to effectuate his arrest in violation of the Eighth Amendment also fails because Officer Willis' actions were reasonable and not greater than necessary under the circumstances presented. Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Daniel Willis' Motion for Summary Judgment [Record No. 53] is **GRANTED**.

2.    This claims asserted in this action by Plaintiff Marcus Stoner are **DISMISSED**, with prejudice.

3.    The Defendant's motion *in limine* [Record No. 52], is **DENIED**, without prejudice, as moot.

4.    This case is **DISMISSED** and **STRICKEN** from the Court's docket.

5.    A final, appealable Judgment will be entered this date.

---

[1]    Laboratory reports from Jewish Hospital in Shelbyville, Kentucky, indicated that Stoner had consumed alcohol, cocaine and marijuana prior to his arrest. [Record No. 53, Exhibit H] Stoner admitted consumption of alcohol and marijuana on October 21, 2006, but testified that he had used cocaine some days prior. [Record No. 53, Exhibit C, pp. 50-51]

This 24th day of September, 2009.



Signed By:

_Danny C. Reeves_

United States District Judge